IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE SCOULAR COMPANY, ) | | |
| a Nebraska corporation, ) | | |
| ) | | |
| Plaintiff, ) | | 8:05CV141 |
| ) | | |
| v. ) | | |
| ) | | |
| LESTER, A. BELL, and ) | | MEMORANDUM AND ORDER |
| JOANELLE D. BELL, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

      This matter is before the Court on defendants' motion to dismiss (Filing No. 13). Defendants seek dismissal of this action on the bases of improper venue and lack of personal jurisdiction.[1] Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that defendants' motion should be denied.

## BACKGROUND

      Plaintiff, Scoular Company ("Scoular"), brought this action against defendants, Lester and Joanelle Bell, seeking recovery under a Guaranty Agreement ("Guaranty") alleged executed by the defendants in favor of South Georgia Grain, L.L.C. d/b/a South Georgia Grain Services ("SGGS"). Scoular is a Nebraska

---

[1] In their motion to dismiss, defendants also alleged that the Court lacked subject matter jurisdiction; however, in the brief in support of their motion to dismiss, defendants did not advance any argument concerning subject matter jurisdiction. Accordingly, the Court will only consider defendants' personal jurisdiction and venue claims in this order.

Corporation with offices in Douglas County, Nebraska, engaged in the business of the origination, storage and marketing of grain and feed products.  Defendants are residents of Georgia.

On April 21, 2003, Scoular and SGGS entered into a Storage and Handling Agreement ("Storage Agreement") wherein SGGS agreed to store and handle Scoular's products at SGGS' facilities in Georgia.  Scoular claims that defendants, in an effort to induce Scoular to contract with SGGS, agreed to personally guarantee all indebtedness, obligations, and liabilities of SGGS. In support of this contention, Scoular has attached a copy of the purported Guaranty ("the Guaranty") dated October 8, 1998.

The Guaranty, attached to Scoular's complaint as Exhibit E, consists of three unnumbered pages of text, a fourth unnumbered page consisting solely of the defendants' signatures on signature lines, and an unnumbered fifth page containing the financial statement of SGGS signed by both defendants.  The Guaranty also contains a forum selection clause providing:

> The undersigned consents to the personal jurisdiction of the state and federal courts located in the State of Nebraska in connection with any controversy related to this Guaranty, waives any argument the venue in such forums in (sic) not convenient, and agrees that any litigation initiated by the undersigned against Scoular in connection with this Guaranty shall be venued

-2-

>           in either the state or federal
>           courts located in Douglas
>           County, Nebraska.

Scoular claims that SGGS subsequently converted a quantity of Scoular's products that were being stored in SGGS' facilities to the amount of $191,467.22. To collect this purported loss, Scoular demanded payment of the defendants as SGGS' guarantors. After defendants refused to pay the debt, Scoular filed this action seeking to enforce the Guaranty and to obtain full payment from the defendants.

Defendants have filed this motion to dismiss contending that the forum selection clause does not control personal jurisdiction and venue because they never signed the Guaranty. In response to defendants' motion to dismiss, plaintiff offers the affidavit of Michael Isham, plaintiff's credit manager, who was in charge of overseeing plaintiff's account with SGGS. Mr. Isham states that, in order for plaintiff to continue to sell products to SGGS on credit, he contacted the defendants to obtain a personal financial statement and a personal guaranty. He further states that he personally received a copy of the executed guaranty from the defendants bearing both of their signatures along with a signed personal financial statement. He also states that the copy of the Guaranty contained in the record is a true and correct copy of the executed Guaranty he received from the defendants.

The parties, therefore, are in dispute as to whether or not the forum selection and venue clauses contained in the allegedly executed Guaranty control personal jurisdiction and venue over the defendants in this case. The personal jurisdiction and venue analyses will be addressed in turn.

## DISCUSSION

**A.   Personal Jurisdiction**

Scoular asserts that the Court has personal jurisdiction over the defendants because the defendants consented in the Guaranty to being subject to personal jurisdiction of the state and federal courts located in Douglas County, Nebraska. Defendants, on the other hand, argue that the forum selection clause in the Guaranty is not controlling because they never signed the Guaranty. Alternatively, defendants argue that the Court lacks personal jurisdiction in this case because the action does not fall within Nebraska's long arm statute. After reviewing the pleadings and affidavits, the Court finds that it has personal jurisdiction over the defendants pursuant to the forum selection clause contained in the Guaranty.

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction, and may do so by affidavits, exhibits, or other evidence. *Romak U.S.A., Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004); *Epps v. Stewart Info. Serv. Corp.*, 327 F.3d 642,

647 (8th Cir. 2003). The party seeking to establish the Court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Id.*; *Gould v. P.T. Krakatau Steel,* 957 F.2d 573, 575 (8th Cir. 1992). While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir.1991) (*citing CutCo Ind. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986)). If the district court does not hold a hearing and instead relies on pleadings and affidavits, then the Court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Epps*, 327 F.3d at 646-647; *Romak*, 384 F.3d at 983; *see also Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir. 1988)("When there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version . . . particularly when the jurisdictional questions are apparently intertwined with the merits of the case.").

    Scoular asserts that it has made a prima face showing of jurisdiction based on both the claimed executed Guaranty as well as the affidavit of Mr. Isham stating that he received a

signed duplicate of the Guaranty from the defendants.  Because the Court is relying solely on the pleadings and affidavits in this case, the Court resolves all factual conflicts concerning the existence of personal jurisdiction in favor of Scoular. Therefore, the dispute regarding the existence and execution of the Guaranty will be resolved in Scoular's favor and the Court will assume for purposes of this motion that the Guaranty exists and was properly executed.  Because the existence of the Guaranty is inferred, the forum selection clause contained in the Guaranty controls and defendants are subject to the personal jurisdiction of the Court.

    **B.  Venue**

Next, defendants contend that the Court should dismiss this action because venue is improper under 28 U.S.C. § 1391(a)(2).  Pursuant to 28 U.S.C. § 1391(a)(2), a civil action founded only on diversity of citizenship may me brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  These venue provisions,

however, may be waived where the parties have executed a valid contract containing an enforceable forum selection clause. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 727 n. 5, (8th Cir. 2001); *iNet Directories, L.L.C. v. Developershed, Inc.*, 394 F.3d 1081, (8th Cir. 2005).

The Eighth Circuit has yet to resolve how a district court should address controverted facts in the context of a 12(b)(3) motion to dismiss for improper venue. Other circuits, however, including the Ninth and Eleventh Circuits have held, in the context of a 12(b)(3) motion to dismiss for improper venue, that the plaintiff need only make a prima facie showing of venue and the trial court must draw all reasonable inferences and resolve all factual disputes in favor of the non-moving party. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir 2004); *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). *See also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2004).

The forum selection clause in the Guaranty provides in pertinent part:

> The undersigned [defendants]
> . . . *waives* any argument the venue
> in [the state and federal courts
> located in the State of Nebraska]
> is not convenient, and agrees that
> any litigation initiated by the

>           undesigned against Scoular in
>           connection with the Guaranty shall
>           be venued in either the state or
>           federal courts located in Douglas
>           County, Nebraska.

(Emphasis Added).  While the parties dispute whether the contract containing this forum selection clause was actually executed, the Court need not resolve this dispute here.  For purposes of this motion, the factual conflict concerning the existence of the Guaranty is resolved in favor of Scoular.  Because defendants expressly waived any objection to venue in the above quoted forum selection clause, defendants are precluded from asserting a motion to dismiss for improper venue.  Defendants' motion to dismiss for improper venue  will be denied.  Accordingly,

   IT IS ORDERED that defendants' motion to dismiss (Filing No. 13) is denied.

        DATED this 8th day of August, 2005.
                    BY THE COURT:
                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court